**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 2 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  Christopher T. Stanek and Jean Stanek

Debtor(s)

Case No.: 18-10988

Judge: ABA

## Chapter 13 Plan and Motions

☐ Original     ☒ Modified/Notice Required     Date: 01/21/2019

☐ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____VD____     Initial Debtor: ____CS____     Initial Co-Debtor: ____JS____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ __101.00__ per __month__ to the Chapter 13 Trustee, starting on __2/1/2019__ for approximately __48__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan:

Debtors' mortgage was modified. This modified plan is filed in response thereto.

**Part 2:    Adequate Protection ☒ NONE**

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
| --- | --- | --- |
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 467.17 |
| DOMESTIC SUPPORT OBLIGATION | | |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☐ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
| --- | --- | --- | --- |
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

| Part 4: | Secured Claims |
|---|---|

### a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Ford Credit | 2012 Ford Fiesta | Unknown | Unknown |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Toyota Financial Services - 2012 Toyota Tundra (Subject to terms of MFR Order)
Ally - 2015 Jeep Cherokee
JP Morgan Chase, NA - Mortgage on Residence (Subject to terms of recent modification)

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:   Unsecured Claims ☐ NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

**b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Toyota Financial Services | $0 | Auto Finance Agreement | Assumed | $694.54 |
| Ally | $0 | Auto Finance Agreement | Assumed | $692.58 |

**Part 7:    Motions  ☒ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Attorney Fees
3) Secured Creditors
4) All other claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 01/25/2018.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtors' mortgage was recently modified, and the plan is being modified to reflect the new payment terms. | The monthly mortgage payment has been adjusted to show the new monthly payment, and the plan now reflects the completion of the mortgage modification. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

### Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 01/21/2019                                  /s/ Christopher T. Stanek
                                                  Debtor

Date: 01/21/2019                                  /s/ Jean Stanek
                                                  Joint Debtor

Date: 01/21/2019                                  /s/ Victor Druziako
                                                  Attorney for Debtor(s)

Case 18-10988-ABA    Doc 64    Filed 01/27/19    Entered 01/28/19 00:33:43    Desc Imaged
                         Certificate of Notice    Page 11 of 12

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 18-10988-ABA
Christopher T. Stanek                                                     Chapter 13
Jean Stanek
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin                 Page 1 of 2              Date Rcvd: Jan 25, 2019
                              Form ID: pdf901             Total Noticed: 42

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 27, 2019.
```
db/jdb         +Christopher T. Stanek,    Jean Stanek,    82 York St.,    Bridgeton, NJ 08302-2124
aty            +R.A. Lebron, Esq.,    7 Century Drive Ste 201,    Parisppany, NJ 07054-4609
lm              JP Morgan Chase Bank,    PO Box 24696,    Columbia, OH  43224-0696
517282239      +Barclay's Bank of Delaware,    POB 8803,    Wilmington, Delaware 19899-8803
517403819       CACH, LLC its successors and assigns as assignee,    of First National Bank Omaha,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517282242      +CBNA (POB 6497, Sioux Falls, South Dakot,    POB 6497,    Sioux Falls, South Dakota 57117-6497
517390171       Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
517282244      +DSNB/Macy's,    Bankruptcy Processing,    POB 8053,    Mason, Ohio 45040-8053
517282243       Discover,   P.O. Box 19850,    Wilmington, Delaware 19850
517299397     ++FORD MOTOR CREDIT COMPANY,    P O BOX 62180,    COLORADO SPRINGS CO 80962-2180
               (address filed with court:  Ford Motor Credit Company LLC,     Dept. 55953,   PO Box 55000,
                 Detroit, MI 48255-0953)
517282245      +Fein, Such, Kahn & Shepard, P.C.,    7 Century Drive,    Suite 201,
                 Parsippany, New Jersey 07054-4673
517282246      +Ford Credit,    POB 542000,    Omaha, Nebraska 68154-8000
517282247      +GE Capital Retail Bank,    401 N. Broad Street,    Philadelphia, Pennsylvania 19108-1001
517282248      +HSBC Bank Nevada N.A.,    1111 North Town Center Drive,     Las Vegas, Nevada 89144-6364
517282249      +HSBC Bank Nevada N.A. Sears,    1111 North Town Center Drive,     Las Vegas, Nevada 89144-6364
517282250       JP Morgan Chase,    P. O. Box 24696,    Columbia, Ohio 43224-0696
517411764      +JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,    CHASE RECORDS CENTER,    ATTN: CORRESPONDENCE MAIL,
                 MAIL CODE: LA4-5555,    700 KANSAS LANE,    MONROE, LA 71203-4774
517304009      +Karen Sansalone,    12 Applewood Lane,    Pittsgrove, NJ 08318-4078
517282254      +Santander Consumer USA,    POB 961245,    Fort Worth, Texas 76161-0244
517282255      +Sun Trust Bank,    POB 79282,    Baltimore, Maryland 21279-0282
517334753      +SunTrust Bank,    Attn: Support Services,    P.O. Box 85092,    Richmond, VA 23286-0001
517282258      +Synchrony Bank,    POB 10592,    Atlanta, Georgia 30310-0592
517282259       TD/Target Card Services,    POB 661070,    Dallas, Texas 75266-0170
517282260       Toyota Financial Services,    POB 4102,    Carol Stream, Illinois 60197-4102
517351356      +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jan 26 2019 00:10:06     U.S. Attorney,    970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 26 2019 00:10:02      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517282238       E-mail/Text: ally@ebn.phinsolutions.com Jan 26 2019 00:09:03      Ally,   POB 78234,
                 Phoenix, Arizona 85062-8234
517321878       E-mail/Text: ally@ebn.phinsolutions.com Jan 26 2019 00:09:03      Ally Financial,
                 PO Box 130424,    Roseville MN 55113-0004
517348497       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 26 2019 00:07:13
                 Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC  28272-1083
517282240       E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 26 2019 00:07:13
                 Capital One Bank (USA), N.A.,    POB 71083,    Charlotte, North Carolina 28272-1083
517282241       E-mail/Text: bncnotices@becket-lee.com Jan 26 2019 00:09:17      Capital One/Kohl's,   POB 3043,
                 Milwaukee, Wisconsin 53201-3043
517282251      +E-mail/PDF: resurgentbknotifications@resurgent.com Jan 26 2019 00:07:56      LVNV,   POB 1269,
                 Greenville, South Carolina 29602-1269
517405338       E-mail/PDF: resurgentbknotifications@resurgent.com Jan 26 2019 00:07:54
                 LVNV Funding, LLC its successors and assigns as,    assignee of Capital One, N.A.,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
517282252      +E-mail/Text: bankruptcydpt@mcmcg.com Jan 26 2019 00:10:02      Midland Funding,
                 2365 Northside Drive,    Suite 300,   San Diego, California 92108-2709
517401507       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 26 2019 00:29:51
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank (USA), N.A.,    POB 41067,
                 Norfolk VA 23541
517401503       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 26 2019 00:07:48
                 Portfolio Recovery Associates, LLC,    c/o Capital One, N.A.,    POB 41067,    Norfolk VA 23541
517282253      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 26 2019 00:07:47
                 Portfolio Recovery Services,    120 Corporate Blvd.,    Norfolk, Virginia 23502-4952
517282256       E-mail/PDF: gecsedi@recoverycorp.com Jan 26 2019 00:07:37      SYNCB/JC Penney,
                 ATTN: Bankruptcy Dept.,    POB 965060,    Orlando, Florida 32896-5060
517282257       E-mail/PDF: gecsedi@recoverycorp.com Jan 26 2019 00:07:05      SYNCB/Walmart,
                 Attn: Bankruptcy Dept.,    POB 965060,    Orlando, Florida 32896-5060
517283893      +E-mail/PDF: gecsedi@recoverycorp.com Jan 26 2019 00:07:05      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517415663      +E-mail/Text: bncmail@w-legal.com Jan 26 2019 00:10:18     TD Bank USA, N.A.,
                 C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
                                                                                               TOTAL: 17
```

```
District/off: 0312-1          User: admin              Page 2 of 2              Date Rcvd: Jan 25, 2019
                              Form ID: pdf901          Total Noticed: 42

                ***** BYPASSED RECIPIENTS (continued) *****

                ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*             ++FORD MOTOR CREDIT COMPANY,   P O BOX 62180,   COLORADO SPRINGS CO 80962-2180
                  (address filed with court:  Ford Motor Credit Company, LLC,   P.O. Box 62180,
                   Colorado Springs, CO  80962)
517301585*      ++FORD MOTOR CREDIT COMPANY,   P O BOX 62180,   COLORADO SPRINGS CO 80962-2180
                  (address filed with court:  Ford Motor Credit Company, LLC,   PO Box 62180,
                   Colorado Springs, CO 80962-4400)
517351599*       +Toyota Motor Credit Corporation,   PO Box 9013,   Addison, Texas 75001-9013
                                                                                             TOTALS: 0, * 3, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 27, 2019                                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 21, 2019 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Jane L. McDonald    on behalf of Trustee Isabel C. Balboa ecf@standingtrustee.com
              John R. Morton, Jr.    on behalf of Creditor    Ford Motor Credit Company, LLC
               ecfmail@mortoncraig.com,   mortoncraigecf@gmail.com
              Kevin Gordon McDonald    on behalf of Creditor    Toyota Motor Credit Corporation
               kmcdonald@kmllawgroup.com,   bkgroup@kmllawgroup.com
              R. A. Lebron    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bankruptcy@feinsuch.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
              Victor   Druziako    on behalf of Debtor Christopher T. Stanek bkdruziako@aol.com
              Victor   Druziako    on behalf of Joint Debtor Jean   Stanek bkdruziako@aol.com
                                                                                              TOTAL: 10
```